UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA
:
                    - v. -                  :   CONSENT PRELIMINARY ORDER
                                                OF FORFEITURE AS TO
:   SPECIFIC PROPERTY
HASSAN HUBBARD,
          a/k/a "Born,"             :   S2 25 Cr. 308 (AS)
          Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about September 25, 2025, HASSAN HUBBARD (the "Defendant"), was charged in a Superseding Information, S2 25 Cr. 308 (AS) (the "Information"), with trafficking in firearms, in violation of Title 18, United States Code, Sections 933(a)(2) and 2 (Count One);

        WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in the offense charged in Count One of the Information, including but not limited to, the following;

        a. A 9mm-caliber Hi-Point firearm, serial number P1999862;

        b. A Mossberg .22-caliber firearm, model 715P, serial number defaced, NYPD lead seal number 733756;

        c. 139 .22-caliber cartridges;

        d. Eight 9mm cartridges;

        e. A Hi-Point magazine and a .22-caliber magazine;

        f. A .45-caliber Springfield firearm, serial number XS520228;

        g. A .357-caliber Uberti firearm, model EL Patron 357, serial number UR4466;

h. An ER Amantino 12-gauge shotgun, model "Double Defense," serial number A041119-11;

i. Two 6.5mm-caliber long guns, no serial numbers, with NYPD lead seal numbers 733755 and 733771;

j. A .223-caliber Aero Percision, model X15 Carbine semi-automatic rifle, serial number defaced;

k. Six .357-caliber cartridges;

l. 42 12-guage shotgun cartridges;

m. 14 Winchester .45-caliber cartridges;

n. 480 6.55mm cartridges;

o. Four Remington/Winchester 12G cartridges;

p. Three Springfield Armory magazines;

q. An ASC magazine;

r. A .223-caliber Aero Percision X15 firearm, with no serial number, NYPD seal number 733737;

s. A 9-mm caliber Hi-Point firearm, model C9, serial number P1313100, with a Hi-Point magazine;

t. A 9-mm caliber Taurus firearm, model G3C, serial number ADM034588, with a Taurus magazine;

u. A 9-mm Springfield Armory firearm, with serial number BA13883, with a Springfield Armory magazine;

v. A .25-caliber Raven firearm, model P-25, serial number 388100, with a Raven machine;

w. 168 rounds of .223-caliber cartridges;

x. One Grendel 6.5mm-caliber cartridge;

y. Two .25-caliber cartridges;

z. Three PMAG magazines;

    aa. One Hexmag magazine;

    bb. One Thermold magazine;

    cc. One Promag 5.56-millimeter caliber drum magazine;

    dd. A privately manufactured 9mm-caliber firearm with a Taurus upper receiver, no serial number, NYPD lead seal number 733740, with a PT III Pro Cal magazine; and

    ee. Ten 9-millimeter cartridges;

(a. through ee., collectively, the "Specific Property");

WHEREAS, on or about September 25, 2025, the Defendant pleaded guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any and all firearms and ammunition involved in or used in the offense charged in Count One of the Information;

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the Specific Property seized by the Government between March 29, 2024, and May 24, 2024, from the vicinity of West 170th Street and Ogden Avenue in the Bronx, New York, which constitutes firearms and ammunition involved in or used in the offense charged in Count One of the Information; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Patrick R. Moroney, of counsel, and the Defendant and his counsel, Kristoff Williams, Esq., that:

1.  As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant HASSAN HUBBARD, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.  Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.  Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice

on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____   9/25/25
PATRICK R. MORONEY                    DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2330


HASSAN HUBBARD

By: _____   9/25/25
HASSAN HUBBARD                        DATE


By: _____   9/25/25
KRISTOFF WILLIAMS, ESQ.               DATE
Attorney for Defendant
52 Duane Street, 10th Floor
New York, NY 10007


SO ORDERED:

_____        9/25/25
THE HONORABLE ARUN SUBRAMANIAN        DATE
UNITED STATES DISTRICT JUDGE